UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID TROUVILLE, *individually on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>REPROSOURCE FERTILITY DIAGNOSTICS, INC., and DOES 1 through 50, *inclusive*,<br><br>Defendants. | Case No. 1:23-cv-00080-JLT-CDB<br><br>ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER<br><br>(Doc. 7) |

David Trouville brings this putative class action lawsuit against ReproSource Fertility Diagnostics, Inc. ("ReproSource"), arising out of a ransomware attack on ReproSource's computer systems that may have leaked his—and potentially others'—personal medical information. (*See generally* Doc. 1.) Pending is Defendant's Motion to Transfer, Stay, or in the Alternative, Dismiss Plaintiff's Complaint ("Motion to Transfer"). (Doc. 7.) The Court finds the matter suitable for decision without oral argument pursuant to Local Rule 230(g). For the reasons set forth below, Defendants' Motion to Transfer (Doc. 7) is **GRANTED** and this action is **TRANSFERRED** to be consolidated with the *Bickham* action in the U.S. District Court for the District of Massachusetts.

### I. BACKGROUND

ReproSource is "a healthcare provider that specializes in fertility diagnostic services,

including egg supply testing, semen testing, and recurrent pregnancy loss testing." (Compl., Ex. A, Doc. 1-1 at ¶ 39.) As a healthcare provider, ReproSource obtains, stores, and transmits personally identifiable information ("PII") and protected health information ("PHI") from its patients, which includes its patients' "names, addresses, phone numbers, dates of birth, social security numbers, patient cardholder numbers, balances, and treatment/diagnosis information." (*Id.* at ¶¶ 2, 40.) Plaintiff is a patient of ReproSource, who provided ReproSource with his PII and PHI. (*Id.* at ¶ 11.)

On August 10, 2021, ReproSource discovered ransomware attack on its computer network, which informed the company that it fell prey to a cyber-security data breach. (*Id.* at ¶¶ 3, 76.) In October 2021, ReproSource sent a letter to Plaintiff, informing Plaintiff and similarly situated class members, that "unauthorized persons gained access to files containing" their PII and PHI. (*Id.* at ¶ 12.) "No details were provided regarding the details of the ransomware attack, who stole the information, whether the ransom was paid, if Plaintiff and the Class members' PII/PHI was recovered, or why there was such a significant delay in Defendants notifying Plaintiff and other affected patients." (*Id.*)

On October 20, 2022, Plaintiff, on behalf himself and his proposed class of "[a]ll individuals who were sent a letter informing them their PII and/or PHI was compromised in the Data Breach (the 'Class')," brought this suit against Defendant in Kern County Superior Court. (*Id.* at ¶ 81.) Specifically, Plaintiff alleges that Defendant violated California's Confidentiality of Medical Information Act, Cal. Civ. Code §§ 56, *et seq.*; The California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*; and theories of breach of contract and negligence. (*Id.* at ¶¶ 90–129.) Defendant removed the action to federal court thereafter. (Doc. 1.)

Pending is Defendant's Motion to Transfer, wherein Defendant requests the Court transfer this action to the first-filed case of *Bickham v. ReproSource Fertility Services, Inc.*, 1:21-cv-11879, which is pending in the District of Massachusetts. (Doc. 7 at 7.) The matter is fully briefed (Pl.'s Opp'n, Doc. 11; Def.'s Reply, Doc. 13) and ripe for consideration and review.

## II.   LEGAL STANDARD

The "first-to-file" rule is a "judicially created doctrine of federal comity . . . which applies

when two cases involving substantially similar issues and parties have been filed in different districts[.]" *In re Bozic*, 888 F.3d 1048, 1051 (9th Cir. 2018) (internal quotation marks and citations omitted); *see also Ford v. [24]7.ai, Inc.*, 812 F. App'x 576, 577 (9th Cir. 2020) (same). "Under that rule, the second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy." *Bozic*, 888 F.3d at 1051 (internal quotation marks and citations omitted). "Thus, a court analyzes three factors: chronology of the lawsuits, similarity of the parties, and similarity of the issues." *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015) (footnote and citation omitted). This rule "should not be disregarded lightly." *Id.* (internal quotation marks and citation omitted).

### III.  DISCUSSION

Defendant requests the Court to transfer, stay, or dismiss the action. (Doc. 7.) To begin, Defendant notes that "because Plaintiff is a member of the putative class action in the prior-filed *Bickham* action that is pending in Massachusetts"—which is "based on the same Incident, and the allegations and legal theories are nearly identical here," and is located in the state where ReproSource is headquartered—the Court should transfer this action to the District of Massachusetts. (*Id.* at 7.)

In response, Plaintiff requests the Court exercise its discretion in applying the first-to-file rule, (Doc. 11 at 9), arguing that the balance of equities requires denying Defendant's motion. (*Id.* at 11–12.) Plaintiff also objects to Defendant's declarations of residency, and requests that the Court ignore this declaration for purposes of determining proper venue. (*Id.* at 8 n.1.)

The Court will first address the first-to-file rule's three factors, *Kohn Law Grp.*, 787 F.3d at 1240, and then turn to Plaintiff's arguments pertaining to balancing the equities and Defendant's residency declarations.

A. <u>Chronology of the Lawsuits</u>

"Ordinarily, [the Court] start[s] by analyzing which lawsuit was filed first." *Kohn Law Grp.*, 787 F.3d at 1240. However, the Court "need not analyze this issue here" because it appears that the parties do not dispute that the *Bickham* plaintiffs filed their action first. (*Id.*; *see generally* Docs. 7, 11.) Regardless, this issue is easily resolved, as the *Bickham* plaintiffs filed

3

their class action Complaint on November 19, 2021.  *See Bickham v. ReproSource Fertility Servs., Inc.*, 1:21-cv-11879-GAO, Doc. 1 (D. Mass. Nov. 19, 2021) [hereinafter, "*Bickham.*"].  To compare, Trouville filed this putative class action lawsuit in Kern County Superior Court on October 20, 2022, almost one year later.  (Ex. A, Doc. 1-1 at 5.)  This factor therefore weighs in favor of transfer under the first-to-file rule.

      B.   <u>Similarity of Parties</u>

The second factor to consider is the similarity of the parties to the two actions.  *Kohn Law Grp.*, 787 F.3d at 1240.  Regarding this factor, "courts have held that the first-to-file rule does not require exact identity of the parties." *Id.* (collecting cases).  "Rather, the first-to-file rule requires only substantial similarity of parties." *Id.* (collecting cases).  That is because the first-to-file rule "is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982).

"In the class action context, most district courts in this circuit compare the putative classes rather than the named plaintiffs." *Young v. L'Oreal USA, Inc.*, 526 F. Supp. 3d 700, 705 (N.D. Cal. 2021) (citations omitted); *see also Adoma v. Univ. of Phx., Inc.* 711 F. Supp. 2d 1142, 1147 (E.D. Cal. 2010); *Ross v. U.S. Bank Nat'l Ass'n*, 542 F. Supp. 2d 1014, 1020 (N.D. Cal. 2008) ("In a class action, the classes, and not the class representatives, are compared.") (citing Cal. Jur.3d Actions § 284).  "[C]ertification is not necessary to compare putative classes," and "[c]ourts look to whether the putative classes seek to represent at least some of the same individuals." *Murphy v. Sprint/United Mgmt. Co.*, No. 2:20-cv-00507-TLN-DB, 2021 WL 5853579, at *7 (E.D. Cal. Dec. 9, 2021) (citing *Adoma*, 711 F. Supp. 2d at 1147–48 and *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1295 (N.D. Cal. 2013)).

The *Bickham* Complaint is a lawsuit between Jasmyn Bickham, individually and on behalf of all others similarly situated, against the same Defendant in this case—ReproSource.  *See Bickham*, Doc. 1; *Young*, 526 F. Supp. 3d at 705 ("First, L'Oréal is the same and sole defendant in both cases.").  In *Bickham*, like here, Plaintiff proposed the following putative class: "All persons whose Private Information was compromised as a result of the Data Breach discovered

on or about August 10, 2021[,] and who were sent notice of the Data Breach." *See id.* at ¶ 123. On February 14, 2024, the *Bickham* court conditionally certified the following class "[s]olely for the purposes of Settlement": "All natural persons whose Personal Information was compromised in the Security Incident and to whom ReproSource sent written notice of the Security Incident in or around October 2021 . . ." *Bickham*, Doc. 71 at 2.

Trouville brings this action on behalf of the following putative class: "All individuals who were sent a letter informing them their PII and/or PHI was compromised in the Data Breach (the 'Class')." (Ex. A, Doc. 1-1 at ¶ 81.)  The plaintiffs in both cases are victims to ReproSource's alleged August 2021 data breach and are now suing ReproSource for the alleged disclosure of their personal information.  It is difficult, if not impossible, to conclude that the parties are not substantially similar, particularly because the *Trouville* plaintiffs are "naturally included as members of" the *Bickham*'s broad definition of their nationwide class. *Young*, 526 F. Supp. 3d at 705.

Plaintiff disagrees, however, stating that "Plaintiff's action would not lead to substantial conservation of judicial resources because the *Bickham* action does not include a California plaintiff[.]" (Doc. 11 at 11.)  The Ninth Circuit has clearly stated that the "substantially similar parties" requirement does not require *exact*-named parties. *See Kohn Law Grp.*, 787 F.3d at 1240 ("A contrary holding could allow a party such as Kohn Law to skirt the first-to-file rule merely by omitting one party from a second lawsuit.").  And, the residency of the classes is of no import. *Young*, 526 F. Supp. 3d at 705 ("The only notable distinction between the parties, as Plaintiffs argue, is they are residents of different states.  Although correct, this fact alone is not enough to outweigh the striking similarities between the parties.").  Thus, the second factor weighs strongly in favor of applying the first-to-file rule.

C. <u>Similarity of Issues</u>

Finally, the third factor of consideration is the similarity of the issues. *Kohn Law Grp.*, 787 F.3d at 1240–41.  "The issues in both cases [ ] need not be identical, only substantially similar." *Id.* at 1240 (citations omitted).  "To determine whether two suits involve substantially similar issues, [the Court] look[s] at whether there is 'substantial overlap' between the two suits."

*Id.* at 1241 (quoting *Harris Cnty., Tex. v. CarMax Auto Superstores Inc.*, 177 F.3d 306, 319 (5th Cir. 1999)).

In *Bickham*, the Complaint alleges four causes of action: (1) negligence; (2) breach of contract; (3) breach of implied contract; and (4) breach of fiduciary duty. *Bickham*, Doc. 1 at 39–51. The *Bickham* plaintiffs allege ReproSource:

> (1) failed to "adequately protect and safeguard Private Information by disregarding standard information security principles, despite obvious risks, and by allowing unmonitored and unrestricted access to unsecured Private Information";
>
> (2) breached their duty owed to plaintiffs under Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45, under HIPAA privacy laws, and under Massachusetts General Law, chapter 111, § 70E(b) (a/k/a "Massachusetts Patient's Bill of Rights");
>
> (3) breached their express and implied contracts with plaintiffs, agreeing to protect their Private information according to HIPAA regulations and industry standards; and
>
> (4) breached their fiduciary duties to "act in good faith and with due regard" for plaintiffs' interests, to "safeguard and keep confidential that Private Information."

*Id.* at ¶¶ 136, 142–44, 153–86, 188.

The *Bickham* plaintiffs request three forms of equitable relief "enjoining Defendant from engaging in the wrongful conduct complained of herein," "compelling Defendant to utilize appropriate methods and policies with respect to consumer data collection, storage, and safety," and "requiring restitution and disgorgement of the revenues wrongfully retained" due to ReproSource's allegedly wrongful conduct. *Id.* at 51. The *Bickham* plaintiffs also request ReproSource to "pay for not less than three (3) years of credit monitoring services," and an award of actual, compensatory, and statutory damages, as well as statutory penalties and punitive damages. *Id.*

The *Trouville* putative class also brings four causes of action: (1) violation of the Confidentiality of Medical Information Act, Cal. Civ. Code §§ 56, *et seq.* ("CMIA"); (2) violation of California's Unfair Competition Law, Cal. Bus. & Profs. Code §§ 17200, *et seq.* ("UCL"); (3) breach of contract; and (4) negligence. *See* Doc. 1 at 32–39.

Like the *Bickham* plaintiffs, here, Trouville alleges that ReproSource:

  (1) breached duties owed to Plaintiff and the class "with regard to its manner of collection and maintenance of Plaintiff and the Class members' personal data,"

  (2) breached express contract obligations owed to Plaintiff and the class, which "included Defendant['s] promise to protect personal information given to Defendant[] or that Defendant[] gathered on [its] own, from disclosure, as set forth in Defendant['s] Online Privacy Policy and Notice of Privacy Practices,"

  (3) committed "unlawful" business practices by knowingly failing to design, oversee, and monitor its software and hardware system and protect Plaintiff and the class's PII and PHI, by violating, in part, HIPPA, and that its actions also constitute "unfair" business acts and practices under the Federal Trade Commission Act, 15 U.S.C. § 45, and

  (4) violated the CMIA by disclosing medical information without Plaintiff and the class's authorization, and by failing to maintain and preserve their confidential medical information.  Doc. 1 at ¶¶ 97–98, 108–111, 118, 125.  Plaintiff and his putative class request equitable relief, including restitution, actual and punitive damages, statutory damages, and injunctive relief.

*Id.* at 39–40.

  First, the Court determines that the issues "substantially overlap" because the *Bickham* plaintiffs ask the Massachusetts court to resolve the same issue(s) "at the heart" of the instant action—namely, ReproSource's liability to its patients for the alleged disclosure of its patients' personal, private information, leaked during the August 2021 data breach.  *Kohn Law Grp.*, 787 F.3d at 1241.  Other than the *Bickham* Complaint's allegation of violation of a Massachusetts-specific law, and its claim for breach of implied contract—as well as the *Trouville* Complaint's allegations of California-specific laws—the Court concludes that "[t]he legal issues and remedies in both cases closely parallel each other, and in fact are nearly identical."  *Young*, 526 F. Supp. 3d at 706.  Both complaints ask for almost identical relief—equitable relief, punitive damages, injunctive relief, etc.—and both assert claims of negligence, breach of express contract, violations of HIPPA and the Federal Trade Commission Act, 15 U.S.C. § 45.  "Moreover, both actions bring claims under their respective states' [patient-confidentiality] protection statutes"—the Massachusetts Patient's Bill of Rights in *Bickham*, and California's CMIA in this case—and "[a]ll claims are based on the same predicate facts and legal theor[ies]" that ReproSource violated several statutory and common law theories by failing to protect its patients' personal information,

1  and allowing hackers to access their private personal and health information during the August
2  2021 data breach.  *Young*, 526 F. Supp. 3d at 706; (*Compare Bickham*, Doc. 1, *with Trouville*, Ex.
3  A, Doc. 1-1.)

4  Plaintiff states that his Complaint states "additional theories of recovery under California
5  state law . . . [which] dramatically changes the potential recovery for Plaintiff and putative class
6  members[.]" (Doc. 11 at 11.)  Plaintiff also argues that California has a greater interest in hearing
7  and deciding this matter, given that Plaintiff is a California resident asserting California laws.
8  (*Id.* at 12–13 ("Undoubtedly, California courts are more familiar with California law than are
9  courts from other jurisdictions . . ."). However, *Young* rejects these arguments: "The mere fact
10 that Plaintiffs here assert their claims under California law . . . is not enough to overcome these
11 similarities.  Indeed, courts time after time have found legal issues to be substantially similar even
12 when the subsequently filed action brought its claims under different state law. [citations.]  This is
13 consistent with the Court's inquiry to see if there is 'substantial overlap' between the legal issues.
14 *Id*. at 706 (internal citations omitted). Accordingly, the Court concludes that the issues to be
15 decided in *Bickham* are "substantially similar" to the issues raised in this instant lawsuit. *Kohn*
16 *Law Grp.*, 787 F.3d at 1240.  The third factor therefore also weighs in favor of transfer.

17        D.  <u>Exceptions to First-to-File Rule</u>

18 "A court may decline to apply the first-to-file rule if the balance of convenience and
19 equity weighs in favor of the later filed action." *Young*, 526 F. Supp. 3d at 708 (citation omitted).
20 The Ninth Circuit has provided three exceptions to the first-to-file rule: "bad faith," "anticipatory
21 suit, and forum shopping[.]" *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir.
22 1991).

23 Plaintiff argues that "prevention of forum shopping warrants denial of Defendant's
24 motion," "Defendant has already demonstrated that it is more than capable of litigating in two
25 separate forums," *Bickham* and *Trouville* are in "the same procedural footing," transfer is
26 "unjustified" and duplicative, and that "[u]nder the totality of the circumstances, Defendant
27 should not be permitted to opportunistically invoke the first-to-file doctrine to avail itself of what
28 it may view as a more favorable forum or adversary from the home state." (Doc. 11 at 12

(emphases and capitalizations omitted).)

However, [t]hese exceptions look at whether the party who filed the first-filed action did so in bad faith, as an anticipatory suit, or to forum shop"—and not at the conduct of the defendant moving for a transfer of venue. *Young*, 526 F. Supp. 3d at 708; *see also Alltrade*, 946 F.2d at 627 ("In particular, Alltrade alleges *that Uniweld filed its action* with knowledge and in anticipation of appellant's own suit.") (emphasis added); *Murphy*, 2021 WL 5853579, at *5 ("Examples that satisfy declining the first-to-file rule include *whether the first filing party* did so in bad faith, as an anticipatory suit, or to forum shop.") (emphasis added) (citation omitted). Plaintiff has directed his equitable arguments against Defendant, not rather than the *Bickham* plaintiffs. Plaintiff's arguments regarding these three exceptions are therefore not relevant.

### E. Residency Declaration

Attached as Exhibit A to its Notice of Removal is the Declaration of Keena Hausmann, the Executive Director and Privacy Officer to Quest Diagnostics, Inc., the parent company of ReproSource. (Ex. A, Doc. 1-2, at ¶ 1.) Hausmann declares that "ReproSource is a Massachusetts corporation with its principal place of business located in Marlborough, Massachusetts." (*Id.* at ¶ 2.) In footnote 1 of its opposition, Plaintiff "objects to the statement included in Defendant's Motion that *Bickham* is pending in" the state where "ReproSource maintains its corporate headquarters and employs IT professionals." (Doc. 11 at 8 n.1.) Plaintiff also objects to Defendant's attached Declaration of Keena Hausmann, maintaining that such residency allegations "were not alleged or included in Plaintiff's Complaint and Defendant may not attempt to introduce extrinsic information in support of its motion or to contradict Plaintiff's allegations in this action." (*Id.*)[1]

When considering a motion to transfer venue, the Court may consider the residency

---

[1] This is important because the transfer statute, 28 U.S.C. § 1404(a), allows a court to transfer an action "but only 'to any other district or division where it might have been brought,'" meaning "solely to districts where [the plaintiff] could have originally filed suit." *Bozic*, 888 F.3d at 1053 (quoting 28 U.S.C. § 1404(a) and citing *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960)). A civil action may be brought in the "judicial district in which any defendant resides[.]" 28 U.S.C. § 1391(b)(1).

The Court must therefore determine ReproSource's residency before transferring the action to Massachusetts. *Bozic*, 888 F.3d at 1053.

9

declarations of the moving defendant. *See Fluence Energy, LLC v. M/V BBC Finland*, 584 F. Supp. 3d 878, 886 (S.D. Cal. 2022) ("When reviewing a § 1404(a) motion to transfer venue[,] a court may consider evidence outside of the pleadings but must draw all reasonable inferences and resolve factual conflicts in favor of the non-moving party.") (internal quotation marks and citation omitted) (cleaned up); *see also Pacesetter*, 678 F.2d at 97 n.4 (accepting declarations of corporation's residency set forth in counsel's affidavit); *Internet Brands, Inc. v. Whitinger*, No. CV 10-8768 PA (SSx), 2011 WL 13217758, at *4 (C.D. Cal. Feb. 14, 2011) ("[V]enue is proper in the Eastern District because Defendant declares that he resides in Jacksonville, Texas, which is located in the Eastern District.").

Additionally, "[a] defendant seeking to remove a case from state to federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 81 (2014) (citing 28 U.S.C § 1446(a)). ReproSource's Notice of Removal not only contains the citizenship allegations of the parties—to establish diversity jurisdiction—but also attaches the declaration of Hausmann. (Doc. 1 at ¶ 17 (citizenship allegation of ReproSource); Ex. A, Doc. 1-2, at ¶ 3.) Normally, if a defendant's assertion of diversity is challenged, "both sides submit proof and the court decides, by a preponderance of the evidence, whether [subject-matter jurisdiction] has been satisfied." *Owens*, 574 U.S. at 88 (citation omitted).

Plaintiff challenges Defendant's residency/citizenship representations contained in its motion to transfer and its Notice of Removal. Even still, Plaintiff has not moved for remand based on Defendant's citizenship allegations and has not proffered proof that Defendant is not a resident of Massachusetts. Regardless, the Court may consider declarations attached to ReproSource's motion, *Fluence Energy*, 584 F. Supp. 3d at 886, and to its Notice of Removal. *See Burns v. AmTrust Int'l Underwriters Ltd.*, No. CV 22-03007-MWF (MARx), 2022 WL 2701989, at *2 (C.D. Cal. July 12, 2022) ("Indeed, courts in the Ninth Circuit regularly find this practice – i.e., supplementing allegations in the notice of removal with evidence demonstrating the parties' citizenship – permissible.") (citation omitted). Plaintiff's objections are therefore **OVERRULED**.

///

**CONCLUSION**

Because the *Bickham* action is the first-filed case, with similar parties and similar issues to this case, and because no exception applies to retain jurisdiction over this matter, transfer to the District of Massachusetts is appropriate. Based upon the foregoing, the Court **ORDERS**:

(1) Defendant's Motion to Transfer, Stay, or in the Alternative, Dismiss (Doc. 7) is **GRANTED**.

(2) The matter is **TRANSFERRED** to the United States District Court for the District of Massachusetts, to be consolidated with *Bickham v. ReproSource Fertility Services, Inc.*, 1:21-cv-11879-GAO.

IT IS SO ORDERED.

Dated: **March 19, 2024**

*Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE